UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
DERRICK DEBROSE                                    07-CV-05292 (JG) (LB)

                                    Plaintiff,

      -against-                                     FIRST AMENDED
                                                    COMPLAINT AND
THE CITY OF NEW YORK, DEPARTMENT OF                 JURY DEMAND
CORRECTION COMMISSIONER MARTIN HORN,
CAROLYN THOMAS, JOHN AND JANE DOE ##1-15,

                                    Defendants.
---------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is an action in which plaintiff seeks relief for the tortious conduct of the defendants and the violation of his rights secured by 42 U.S.C. §1983, §1988, and the Fourth and Fourteenth Amendment to the United States Constitution.

2. The claim arises from two incidents occurring on October 19, 2007 and October 21, 2007, in which officers, captains, and other supervisory employees of the New York City Department of Correction ("DOC") acting under color of state law subjected plaintiffs to, among other things, negligence, gross negligence, deliberate indifference and failure to protect. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

3. This action is brought pursuant to 28 USC §1331, 42 USC §§1983, 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims is asserted.

4. The amount in controversy exceeds $75,000.00 excluding interest and costs.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff is a citizen of the United States and at all times here relevant resided in Bronx County, City and State of New York. He was a pre-trial detainee at the time of the incidents, in the custody of the DOC.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the New York City Department of Correction, and, as such, was a policy maker with respect to training, supervision, and discipline of DOC officers, including the other individual defendants. On information and belief, defendant Horn, as Commissioner of DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein. As Commissioner, defendant Horn is also responsible for the care, custody, and control of all inmates housed in the Department's jails. As Commissioner, Horn is provided with reports of security breaches by inmates in D.O.C. custody. Defendant Horn is sued in his official capacities.

9. At all times relevant hereto, Carolyn Thomas ("Thomas") was the Chief of Department of the New York City Department of Correction, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting

under color of state law. As Chief of Department, Thomas is the highest ranking uniformed member of the department, and is responsible for the supervision, oversight, and discipline of uniformed security staff, including the supervisory security staff, in all Department jails. She is also responsible for the care, custody, and control of all inmates in the Department jails. As Chief of Department, Thomas is provided with reports of security breaches by inmates in D.O.C. custody. Defendant Thomas is sued in her official capacity.

10. All others individual defendants ("the officers") are employees of the DOC, and are sued in their individual capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## JOINT LIABILITY

13. This action falls within one or more of the exceptions set forth in CPLR §1602.

## EXHAUSTION OF REMEDIES

14. Inmate on inmate assaults are non-grievable under New York City DOC's Inmate Grievance Resolution Program.

## FACTUAL ALLEGATIONS

15. At the time of the events complained of, plaintiff was an inmate at the George Motchan Detention Center ("GMDC"), a detention center on Rikers Island, operated by DOC.

Plaintiff was believed by DOC and by other inmates to be affiliated with "the Crips", a street gang known to DOC and other inmates. Despite this knowledge, DOC housed plaintiff in a housing area, "1 Main A", that was known to contain almost exclusively members of "The Bloods", a street gang known commonly known to be hostile towards members of "The Crips". Despite protesting their housing to several of the John Doe defendants, plaintiff was kept in "1 Main A" until he were assaulted by "bloods" members, causing serious injuries, on October 19, 2007. Plaintiff was subsequently moved to "3 Main A", another housing area known to be controlled by "Bloods" members. Again, plaintiff protested his housing. He was visited by officers from the Gang Intelligence Division, and still not moved from their housing area until, on October 21, 2007, he was once again assaulted, causing serious injuries.

16. Plaintiffs suffered serious injuries as a result of the attacks.

17. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    b Violation of his rights to be free of unreasonable seizures under the Fourth Amendment to the United States Constitution;

    c. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    d. Violation of his New York State Constitutional right under Article 1, Section 12, to be free from unreasonable searches and seizures;

    c. Physical pain and suffering;

4

d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety.

## FIRST CAUSE OF ACTION
(42 USC § 1983-DELIBERATE INDIFFERENCE TO PHYSICAL HARM)

18. The above paragraphs are here incorporated by reference.

19. The above paragraphs are here incorporated by reference.

20. Defendants have acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to due process of law pursuant to the Fourteenth Amendment of the United States Constitution, and to be free from unreasonable seizures pursuant to the Fourth Amendment to the United States Constitution, and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

21. Defendants actually knew plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.

22. The substantial risk of harm resulting from defendants' deliberate indifference caused plaintiff to sustain serious injuries.

23. Plaintiff was damaged by the deliberate indifference of the defendants.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

21. The above paragraphs are here incorporated by reference.

22. The City, Horn and Thomas are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

23. The City, Horn and Thomas knew or should have known of their employees', agents', or servants' propensity to engage in the acts detailed above.

24. The aforesaid event was not an isolated incident. The City, Horn and Thomas

have been aware for sometime from lawsuits, notices of claim and the complaints of inmates and their families and friends, that specific gangs exercise some control over different housing areas at Rikers Island, and that rival gang members are often nevertheless housed in those areas. Despite such notice, the City failed to take corrective action. This failure was not merely negligence but shows a deliberate indifference to the civil and constitutional rights of this and other inmates.

25. The inmates who attacked plaintiff had been identified by the Department of Correction as "Bloods" members.

26. The City, Horn and Thomas have failed to take the steps to discipline, train, supervise or otherwise correct the negligent, grossly negligent, and deliberately indifferent conduct of the individual defendants in this and in similar cases involving misconduct.

27. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, Horn and Thomas to the constitutional rights of persons within DOC custody, and were the cause of the violations of plaintiff's rights here alleged.

28. The City, Horn and Thomas have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the negligent acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

29. Plaintiff has been damaged as a result of the wrongful and negligent acts of the City, Horn and Thomas.

### THIRD CAUSE OF ACTION
(NEGLIGENCE)

30. All preceding paragraphs are here incorporated by reference.

31. Defendants owed plaintiff a duty to use reasonable care to protect him from foreseeable risk of harm.

32. Defendants knew or should have known that plaintiff was in danger of serious injuries by being housed in the housing areas where the incidents occurred.

33. Plaintiff's injuries were within the class of hazards which was reasonably foreseeable.

34. Defendants breached the duty they owed to plaintiff by failing to protect him from foreseeable harm in negligently housing them in the areas where the incidents occurred.

35. Plaintiff was damaged by the negligence of the defendants.

## FOURTH CAUSE OF ACTION
## (CONSTITUTIONAL TORT)

36. All preceding paragraphs are here incorporated by reference.

37. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6 and 12 of the New York State Constitution.

38. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

## FIFTH CAUSE OF ACTION
## (NEGLIGENT HIRING AND RETENTION)

39. The above paragraphs are here incorporated by reference.

40. Defendant officers had a negligent disposition and DOC knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' negligent dispositions through the hiring process and retention of the employee.

41. Defendants knew or should have known that their failure to investigate defendant officers' negligent disposition would lead to plaintiffs' injuries.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:   Brooklyn, New York
         February 18, 2008

TO: New York City Corporation Counsel
Attn: ACC Morgan Kunz
100 Church Street, 4th floor
New York, NY 10007

Department of Correction Commissioner Martin Horn
60 Hudson Street
New York, NY 10013

Chief of Department of Correction
Carolyn Thomas
60 Hudson Street
New York, NY 10013

Yours, etc.,

Stoll, Glickman & Bellina, LLP
BY: Andrew B. Stoll (AS8808)
Attorney for Plaintiffs
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710